UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| SARAH JORDAN DUNLAP WALSH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 18-173-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ESTATE OF PATRICIA MEANS, by and through the Personal Representative of the Estate of Patricia Means, Anne M. Carlsson, | ) ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Walsh filed a Complaint in March 2018, alleging that her aunt, Patricia Means, owed money to her father, Tavner Dunlap. Walsh contends that Means and Dunlap had entered into a "Trade Agreement," which set out specific conditions under which Means would repay Dunlap $135,000. [Record No. 1 ¶ 13] According to Walsh, Means failed to meet her repayment obligation and still owed money to Dunlap when he died in 2013. Walsh reports that she is the successor to her father's interest in the Trade Agreement and, therefore, she is pursuing a breach of contract claim against Means.

Walsh informed the Court in June 2018 that Defendant Means died after the Complaint was filed, but before she was served. [Record No. 5] Walsh filed an Amended Complaint substituting Means' estate, by and through its personal representative Anne M. Carlsson, as the defendant. [Record No. 8] Carlsson filed an Answer on September 12, 2018. [Record No. 21]

- 1 -

Shortly thereafter, Walsh filed a motion to voluntarily dismiss this matter without prejudice. [Record No. 23] She reports that Means' estate filed for probate in Horry County, South Carolina in May 2018 and that Walsh promptly filed a claim in that action. [*See* Horry Cnty. Probate Court, Case No. 2018ES2601220.] Accordingly, she argues, "this matter is now pending before two separate courts." [Record No. 23]

Carlsson does not object to dismissal of this action without prejudice, but argues that she is entitled to recover the attorney's fees incurred in defending the action in this Court. [Record No. 25] She also contends that Walsh should stipulate to certain discovery issues, including a waiver of discovery objections with respect to evidence located in Kentucky.

Rule 41(a)(2) of the Federal Rules of Civil Procedure governs Walsh's request to dismiss the action without prejudice. It provides that "an action may be dismissed at the plaintiff's request only by court order, on terms the court considers proper." The purpose of the rule is to protect the nonmovant from unfair treatment, and courts frequently award costs and attorneys' fees following the dismissal of a suit without prejudice under Rule 41(a)(2). *See Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994); *DWG Corp. v. Granada Invests., Inc.*, 962 F.2d 1201 (6th Cir. 1992). However, attorneys' fees under Rule 41(a)(2) should be awarded only "when justice so demands." *See Gap, Inc. v. Stone Int'l Trading, Inc.*, 169 F.R.D. 584, 588 (S.D.N.Y. 1997).

This case is still in an early stage procedurally. Further, there is no indication that Walsh commenced the suit in bad faith or that she has engaged in vexatious conduct. Means was still living when Walsh filed the Complaint and Carlsson concedes that much of the relevant evidence is located in Kentucky. Now that Means has passed away and her estate is being administered in South Carolina, it is reasonable for Walsh to pursue the claim in the

South Carolina court. Further, Carlsson has not argued that the existing legal work-product will not be useful during future litigation of this claim. *See Wargo v. Jungels*, No. 11-10195, 2012 WL 1060094, at *4 (E.D. Mich. March 29, 2012) (citing *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. Feb. 16, 2007)). Accordingly, the Court finds no reason to vary from the general rule that parties are required to bear their own attorneys' fees.

Carlsson contends that this Court should impose discovery and choice-of-law limitations to protect her "from being harmed from a tactical point of view." However, these are not reasonable conditions upon which to base dismissal under Rule 41(a)(2). When voluntary dismissal is without prejudice, "the plaintiff is placed in a legal position as if he had never brought the first suit" and has the right to bring a later suit on the same cause of action without an adjudication on the merits. *Dearth v. Mukasey*, 516 F.3d 413, 415 (6th Cir. 2008). *See also Bechuck v. Home Depot, U.S.A., Inc.*, 814 F.3d 287, 298-99 (5th Cir. 2016) (noting that "the possibility of tactical advantage should not justify the imposition of a refiling condition). Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff Sarah Walsh's Motion to Dismiss [Record No. 23] is **GRANTED**.

2. This matter is **DISMISSED**, without prejudice, and **STRICKEN** from the Court's docket.

Dated: October 30, 2018.



Signed By:
*Danny C. Reeves*
United States District Judge